Filed 3/8/22  P. v. Plasencia CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B311585 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA056390) |
| v. | |
| PHILLIP PLASENCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Affirmed in part, vacated in part, and remanded with directions.

Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, Michael C. Keller and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————————————

In his third appeal to this court, defendant and appellant Phillip Plasencia contends that the trial court abused its discretion in resentencing him by (1) imposing the high term in the principal count; (2) imposing consecutive sentences; and (3) imposing a weapons enhancement on each count.

On January 1, 2022, after briefing had been completed in this case, Senate Bill No. 567 (2021–2022 Reg. Sess.; Stats. 2021, ch. 731, § 1.3 (Senate Bill 567)) and Assembly Bill No. 124 (2021–2022 Reg. Sess.; Stats. 2021, ch. 695, § 5.1), which amended Penal Code section 1170, became effective. We invited the parties to submit supplemental briefing regarding the effect, if any, of the amendments to section 1170 on Plasencia's case.

Plasencia argues, and the People concede, that both bills apply retroactively to his case. The People argue that it is not necessary for us to decide the merits of Plasencia's contentions relating to Senate Bill 567, because he is entitled to resentencing under Assembly Bill 124, and the trial court may revisit all of its prior sentencing decisions under the new laws at the resentencing hearing. We agree with the People. We vacate Plasencia's nine-year sentence for carjacking in count 7 (Pen. Code, § 215, subd. (a)[1]), and remand the matter for resentencing. In all other respects, the judgment is affirmed.

———————————

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

# FACTS[2]

## *Prosecution*

Cesar Beltran and his brother, Guillermo, lived with several extended family members at a residence on McCallum Street in South Gate.  Around 6:00 p.m. on March 18, 1999, the Beltrans and their cousin, Silvano Medina, were in front of the residence, washing a car.  Plasencia and several other men approached, two armed with guns.  Plasencia and the others forced the Beltrans and Silvano into the house.  Inside the residence were the Beltrans' mother, Modesta Terrazas, and their sister, Karina Beltran.  Plasencia pointed a gun at Modesta and Karina and ordered them to the bedroom.  An accomplice ordered Cesar and Silvano to lie face down on the floor.  He then took cash from their pockets and a chain from around Cesar's neck.

Juan Jauregui, whose father owned the McCallum Street residence, arrived to collect the rent.  When he knocked on the front door, a gunman opened it and ordered him inside.  Plasencia appeared, pointed a pistol at Jauregui's head, and pulled him into the living room.  Plasencia ordered Jauregui to lie face-down on the floor.  After Jauregui complied, he was kicked twice in the head.  Plasencia declared that he was looking for money and "weed."  He and two others went through Jauregui's pockets, removing $40.

Plasencia moved Jauregui to the main bedroom and ordered him to the floor.  Jauregui saw Guillermo lying face-down

---

[2] The statement of facts and procedural history are taken from our prior unpublished opinion.  (*People v. Plasencia* (Apr. 10, 2020, B297440).)

3

on the floor, and Karina sitting on the couch. Two other men were laying face-down in the bathroom. Plasencia and two accomplices were asking Guillermo about money, drugs, and jewelry. At some point Plasencia cocked the slide hammer on his pistol and announced that the gun was fully loaded. The robbers searched the house, but declared that they had found nothing. After securing the victims' hands with tape, they left.

Cesar and Guillermo were able to free themselves and pursue the robbers. Armed with a rifle that had been hidden in the house, Guillermo exchanged gunfire with the assailants.

When the shots were fired, Leticia Amezcua was in her car at her nearby residence on McCallum Street, preparing to back out of the garage. Her two-year-old daughter was with her. In the trunk of the vehicle was a bag containing jewelry belonging to her mother. Plasencia suddenly appeared, bleeding slightly from his forehead. He pointed a pistol at her and demanded the car keys. After she complied and removed her daughter from the car, Plasencia drove off.

Mrs. Amezcua's husband, Hugo Amezcua, was walking home with their son when he heard gunshots. He saw Plasencia driving his wife's Oldsmobile down the street. Plasencia stopped, picked up two men who were walking in the street, and continued driving.

Plasencia was 21 years old at the time he committed the crimes.

**PROCEDURAL HISTORY**

The jury found Plasencia guilty of first degree residential burglary (§ 459 [count 3]); first degree robbery of Juan Jauregui

4

(§ 211 [count 5]); and carjacking and second degree robbery of Amezcua (§§ 215, subd. (a) [count 7], 211 [count 8]).  In each count, the jury found true the allegation that Plasencia personally used a firearm under sections 12022.5, subdivision (a)(1) and 12022.53, subdivision (b).  In a bifurcated proceeding, Plasencia admitted that he suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and served a prior prison term within the meaning of section 667.5, subdivision (b).  The trial court sentenced Plasencia to state prison for a term of 47 years 4 months.

On appeal, we ordered the trial court to strike a one-year enhancement imposed under section 667.5, subdivision (b), but otherwise affirmed the judgment.

In 2018, Plasencia moved to strike as unauthorized a firearm enhancement (§ 12022.53, subd. (b)) that was imposed in connection with his burglary conviction in count 3.  He requested full resentencing, including resentencing under Senate Bill Nos. 620 and 1393, which permit the trial court to strike firearm and prior serious felony conviction enhancements in the interest of justice.  (Sen. Bill No. 620 (2017–2018 Reg. Sess.) § 2; Sen. Bill No. 1393 (2017–2018 Reg. Sess.) § 1.)

In 2019, the trial court struck the unauthorized section 12022.53, subdivision (b) firearm enhancement in count 3, and resentenced Plasencia to a term of 44 years 4 months in prison. The trial court declined Plasencia's requests to exercise its discretion to strike any other firearm or prior serious felony enhancements.  It also declined to strike his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530, and did not otherwise reduce his sentence.

5

The trial court did not strike the section 667.5, subdivision (b) enhancement as our prior opinion had instructed.

On appeal from his first resentencing hearing, Plasencia contended that the trial court abused its discretion at resentencing by (1) relying on Plasencia's gun use in a prior juvenile adjudication as an aggravating factor although there was no evidence in the record demonstrating that he had used a gun in commission of that offense, and (2) ignoring mitigating evidence of his rehabilitation and prospects for success upon release. He also contended, and the People conceded, that the one-year section 667.5, subdivision (b) prior prison term enhancement must be stricken in compliance with our prior opinion.

We vacated Plasencia's sentence and remanded for resentencing. We instructed the trial court to resentence Plasencia without consideration of his use of a firearm to commit his juvenile offense as an aggravating factor. We further instructed the trial court to consider Plasencia's rehabilitation and future prospects as mitigating factors. We advised the trial court that imposition of the one-year section 667.5, subdivision (b) enhancement was unauthorized if imposed on the basis of the same prior felony in conjunction with a five-year prior serious felony enhancement under section 667, subdivision (a).

At the resentencing hearing, the trial court imposed a total sentence of 29 years. The court imposed the upper term of nine years on the carjacking count (§ 459 [count 7]); plus ten years for the firearm use enhancement in that count. The court imposed a consecutive sentence of one year four months on the first degree burglary count (§ 459 [count 3]), plus three years four months for the associated firearm use enhancement, and a consecutive

sentence of two years on the first degree robbery count (§ 211 [count 5]), plus three years four months for the firearm use enhancement attached to that count. The trial court stayed the sentence in the second degree robbery count (§ 211 [count 8]) pursuant to section 654. The trial court exercised its discretion to strike the prior conviction alleged under the three strikes law and section 667, subdivision (a)(1). It did not impose a one-year section 667.5, subdivision (b) enhancement.

## DISCUSSION

At the time that Plasencia was sentenced, the trial court had discretion to determine whether imposition of the lower, middle, or upper term "best serve[d] the interests of justice." (Former § 1170, subd. (b).) It exercised its discretion thoughtfully and appropriately under the laws in place at that time. However, on October 8, 2021, while Plasencia's appeal was pending, the Governor signed Senate Bill 567 and Assembly Bill 124, which made significant changes to the laws under which Plasencia was sentenced. Both bills became effective on January 1, 2022.

Pursuant to Senate Bill 567, section 1170, former subdivision (b) has been amended to require a trial court to impose the middle term for any offense with a sentencing triad unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1) & (2).) Assembly Bill No. 124 created a presumption in favor of a low prison term when a

7

defendant is under 26 years of age at the time of the offense. (Stats. 2021, ch. 695, § 4, adding Pen. Code, § 1016.7; Stats. 2021, ch. 695, § 5.1, adding Pen. Code, § 1170, subd. (b)(6)(B).)

"[S]ection 1170, subdivision (b)(6) provides: '[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.' (§ 1170, subd. (b)(6)(B); see § 1016.7, subd. (b) ['A "youth" for purposes of this section includes any person under 26 years of age on the date the offense was committed'].)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 (*Flores*).)

We agree with the parties that the amendments to section 1170, subdivision (b), apply retroactively in Plasencia's case because they make ameliorative changes in the law, which apply to all nonfinal convictions. (*Flores*, *supra*, 73 Cal.App.5th at 1039; *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308.) "We 'assume, absent evidence to the contrary, that the Legislature intended an "amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date."' (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341.) 'For the purpose of determining the retroactive application of an amendment to a criminal statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court.' (*Id.* at pp. 341–342, citing *People v. Vieira* (2005) 35 Cal.4th 264, 305–306.)" (*Flores*, *supra*, at p. 1039.)

It is undisputed that Plasencia was a youth, under the age of 26 years old, when he committed the instant crimes. Following the enactment of Assembly Bill 124, amended section 1170, subdivision (b), obligates the court to consider whether Plasencia's youth was a contributing factor in the commission of the offenses, a finding that would require imposition of the lower term of imprisonment.

Accordingly, Plasencia's nine-year upper term sentence in count 7 (§ 215, subd. (a) [carjacking]), must be vacated under section 1170, subdivision (b), and the matter must be remanded for resentencing. Upon remand, the trial court may revisit its prior sentencing decisions in light of new legislation, including, but not limited to, Senate Bill 567. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["'the full resentencing rule'"].)

## DISPOSITION

We vacate the nine-year sentence in count 7 and remand the matter to the trial court for resentencing. In all other respects, the judgment is affirmed.

MOOR, J.

We concur:

BAKER, Acting P. J.          KIM, J.

9